UNITED STATES OF AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

MATHEW SPISAK,
individually and on behalf of a class,

    Plaintiff,

-v-

TRUEACCORD CORP.,

    Defendant.

## COMPLAINT – CLASS ACTION & JURY DEMAND

There are no related cases.

## Introduction

1. Plaintiff Mathew Spisak seeks redress for acts prohibited by the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), committed by TrueAccord Corp. ("TrueAccord").

2. The FDCPA prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect

consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## Jurisdiction and Venue

7. This court has jurisdiction under 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331 and 1337.

8. The events described in this complaint occurred in this District.

## Parties

9. Plaintiff Mathew Spisak resided in Commerce, Michigan at all relevant times.

10. Defendant TrueAccord is a Delaware corporation with its principal place of business at 303 2d Street, Suite 750, San Francisco, CA 94107. It does business in Michigan. Its registered agent and office is CSC-Lawyers Incorporating Service (Company), 601 Abbot Road, East Lansing, MI 48823.

11. TrueAccord states on its website that it is "A data driven debt collection platform powered by machine learning, digital first communications, and delivering great user experiences." (https://www.trueaccord.com/)

12. TrueAccord also states on its web site, "At TrueAccord we talk to our customers in a variety of ways. Emails, letters and calls are just a few of the

methods we use. [¶] To assist our team in reaching our customers efficiently and consistently we sometimes use automation software to schedule and send messages. These messages have all been written and reviewed by a TrueAccord team member but are sent automatically by our software. [¶] To provide meaning our automated messages use virtual sender names. These virtual sender names are grouped and referred to as our 'Automated Staff'."

(https://www.trueaccord.com/app/pages/public/talking-to-our-customers)

13. TrueAccord further states that it is "The only collections platform powered by machine learning delivering digital-first consumer experiences. [¶] TrueAccord's Patent Pending decision engine uses machine learning to create personalized, digital first, consumer experiences that are uniquely tailored for each consumer. TrueAccord platform uses a state machine to create a complex interaction model with a consumer, and a clustering engine to compare the consumer to more than 1.5 million consumers who passed through our platform. Based on those 100's of millions of data points, it predicts the consumer's reaction to communication frequency, timing, channel, and content. [¶] TrueAccord's decision engine then selects from hundreds of internally generated and legally pre-approved messages that drive consumer engagement via omni-channel delivery. Once delivered, it tracks real time events from the consumer - email opens, link clicks, browsing pattern on TrueAccord assets and interaction with our call center - to decide what its next step should be. [¶] TrueAccord's Compliance Firewall enforces compliance rules on contact timing, frequency, and included disclosures. The Compliance Firewall allows easy implementation

of new rules at scale, as State-level rules may vary, and keeps a detailed event log for audit purposes."  (https://www.trueaccord.com/product)

14. Most of the debts collected, including plaintiff's alleged debts, are for personal, family or household purposes and not for business purposes.

15. TrueAccord uses the telephone system and Internet in conducting such activities.

16. TrueAccord is a debt collector as defined in the FDCPA.

### Facts

17. Defendant has been attempting to collect from plaintiff an alleged credit card used for personal, family or household purposes and not for business purposes.

18. Between about December 12, 2017 and May 11, 2018, TrueAccord sent plaintiff about 37 e-mails seeking to collect such debt:

| Date | Exhibit |
| --- | --- |
| 12/12/17 | 1 |
| 12/17/17 | 2 |
| 12/21/17 | 3 |
| 12/27/17 | 4 |
| 1/4/18 | 5 |
| 1/7/18 | 6 |
| 1/10/18 | 7 |
| 1/30/18 | 8 |
| 2/6/18 | 9 |
| 2/9/18 | 10 |
| 2/13/18 | 11 |
| 2/16/18 | 12 |
| 2/19/18 | 13 |
| 2/23/18 | 14 |
| 2/26/18 | 15 |
| 3/2/18 | 16 |
| 3/6/18 | 17 |
| 3/9/18 | 18 |
| 3/12/18 | 19 |
| 3/16/18 | 20 |
| 3/19/18 | 21 |

| | |
|---|---|
| 3/22/18 | 22 |
| 3/25/18 | 23 |
| 3/28/18 | 24 |
| 3/31/18 | 25 |
| 4/4/18 | 26 |
| 4/8/18 | 27 |
| 4/11/18 | 28 |
| 4/15/18 | 29 |
| 4/18/18 | 30 |
| 4/21/18 | 31 |
| 4/25/18 | 32 |
| 4/28/18 | 33 |
| 5/1/18 | 34 |
| 5/4/18 | 35 |
| 5/8/18 | 36 |
| 5/11/18 | 37 |

19. None of the e-mails contains the "notice of debt" described in 15 U.S.C. §1692g, nor did any other communication from TrueAccord.

20. On information and belief, based on its contents ("LVNV Funding . . . has contacted us regarding an account that you have on file with them."), Exhibit 1 is a message which TrueAccord sends as its initial communication.

21. Many of the e-mails contained or invited settlement offers.

22. The e-mails consistently referred to credit reporting.

23. Exhibit 9 states that TrueAccord will consider the "obligation fulfilled" with a 75% payment, without disclosing the material fact that a settlement at 75% will be listed as "settled for less than full balance."

24. Exhibit 15 states that "We just received your account from LVNV Funding LLC," which is not true.

25. Exhibit 35 refers to "our recent conversation about your $722.05 balance . . . ." when plaintiff never had any conversation with True Accord.

26. Exhibit 36 also refers to "our last conversation," when no conversation had

ever occurred.

27. Communications from a debt collector which recite that discussions had taken place when that is not the case create a false record of recalcitrance on the part of the consumer.

28. Because TrueAccord uses automated processes to generate collection communications, all inappropriate messages in its collection communications will appear in more than 40 such communications.

29. Section 1692g(a) provides:

> **§ 1692g. Validation of debts**
>
> **(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**
>
> **(1) the amount of the debt;**
>
> **(2) the name of the creditor to whom the debt is owed;**
>
> **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
>
> **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
>
> **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . .**

30. 15 U.S.C. §§1692e, 1692e(2), and 1692e(10) prohibit false or misleading

representations in the course of debt collection, including a "false representation of... the character, amount, or legal status of any debt," or "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

## COUNT ONE – FDCPA – CLASS CLAIM

31. Plaintiff incorporates paragraphs 1-30.

32. Defendant violated the FDCPA by failing to provide the "notice of debt" described in 15 U.S.C. §1692g.

33. As a result, plaintiff was deprived of material information about his rights, required to be provided by law.

### Class Allegations

34. Plaintiff brings this claim on behalf of a class under Fed.R.Civ.P. 23(a) and (b)(3).

35. The class includes (a) all individuals (b) with Michigan addresses (c) to whom TrueAccord communicated (d) without providing a "notice of debt" in the first communication or one sent within 5 days thereafter (e) where the first communication was sent at any time between a date 370 days prior to the filing of this action and a date 21 days after the filing of this action.

36. The members of the class are so numerous that joinder of all is not practicable. On information and belief, there are at least 40 individuals in the defined class.

37. There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members. The predominant common questions are (a) whether defendant has a practice of failing to include the "notice of debt" and (b) whether doing so violates the

FDCPA.

38. Plaintiff's claim is typical of the claims of the class members, as it is based on the same facts and legal theories.

39. Plaintiff will fairly and adequately represent the class members, and has retained counsel experienced in class actions and FDCPA litigation.

40. A class action is superior for the fair and efficient adjudication of this matter, because (A) individual actions are not economically feasible, (B) members of the class are likely to be unaware of their rights, and (C) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## Demand For Judgment

ACCORDINGLY, plaintiff respectfully requests that the Court:

a. Assume jurisdiction over all claims,

b. Award statutory damages,

c. Award statutory costs and attorney fees, and

e. Provide all other proper relief.

## COUNT TWO – FDCPA – CLASS CLAIM

41. Plaintiff incorporates paragraphs 1-30.

42. Defendant violated the FDCPA by making the following false and misleading statements in its collection communications:

   a. Stating that it will consider the "obligation fulfilled" with a partial payment, without disclosing the material fact that a settlement will be listed as "settled for less than full balance."

   b. Stating that defendant "just received" an account when that is not true.

    c.    Referring to conversations which are did not take place, as shown by defendant's account notes.

43.    Plaintiff was confused and concerned about the cited statements.

## Class Allegations

44.    Plaintiff brings this action on behalf of a class under Fed.R.Civ.P. 23(a) and (b)(3).

45.    The class includes (a) all individuals (b) with Michigan addresses (c) to whom defendant sent a communication containing one or more of the following: (i) A statement that defendant will consider the "obligation fulfilled" with a partial payment, without disclosing the material fact that a settlement will be listed as "settled for less than full balance," (ii) a statement that defendant "just received" an account when that is not true, or (iii) references to conversations which are did not take place, as shown by defendant's account notes, (e) where the communication was sent at any time between a date one year prior to the filing of this action and a date 21 days after the filing of this action.

46.    The members of the class are so numerous that joinder of all is not practicable. On information and belief, there are at least 40 individuals in the defined class.

47.    There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members. The predominant common questions are (a) whether defendant makes the cited statements and (b) whether doing so violates the FDCPA.

48.    Plaintiff's claim is typical of the claims of the class members, as it is based on the same facts and legal theories.

49. Plaintiff will fairly and adequately represent the class members, and has retained counsel experienced in class actions and FDCPA litigation.

50. A class action is superior for the fair and efficient adjudication of this matter, because (A) individual actions are not economically feasible, (B) members of the class are likely to be unaware of their rights, and (C) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## Demand For Judgment

ACCORDINGLY, plaintiff respectfully requests that the Court:

a. Assume jurisdiction over all claims,

b. Award statutory damages,

c. Award statutory costs and attorney fees, and

e. Provide all other proper relief.

## Demand for Jury Trial

Plaintiff respectfully demands trial by jury.

Respectfully submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:  s/ Adam G. Taub
Adam G. Taub (P48703)
17200 West 10 Mile Rd. Suite 200
Southfield, MI 48075
(248) 746-3790
adamgtaub@clgplc.net

s/ Daniel A. Edelman
Daniel A. Edelman
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500

                Chicago, Illinois  60603
                (312) 739-4200
                Email: courtecl@edcombs.com

Dated: June     , 2018

T:\35160\Pleading\Complaint DAE 6-12-18_Pleading.WPD

## **NOTICE OF LIEN**

Please be advised that we have been retained by the Plaintiff in this case to file suit against you and that we claim a lien upon said recovery.

Sincerely,

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
David S. Kim
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX) (may use for service of pleadings)
Email address for service: courtecl@edcombs.com